1  Misty D. Wilks, SBN 196327
   WILKSLAW
2  3818 Crenshaw Boulevard #445
   Los Angeles, CA 90008
3  (323)540-4633|(877)264-8779 F
   misty@wilkslawoffice.com
4
   Attorney for Debtor(s)
5

6                        UNITED STATES BANKRUPTCY COURT
                    FOR THE CENTRAL DISTRICT OF CALIFORNIA
7                          LOS ANGELES DIVISION

8

9

10

11  In Re:                              )  **Case No.: 2:21-bk-17411-SK**
                                        )  Chapter 13
12                                      )
                                        )  REPLY TO CREDITOR WELLS FARGO
13    ANDRE MOORE,                      )  SUPPLEMENTAL RESPONSE TO
                                        )  DEBTOR'S EMERGENCY MOTION
14                                      )  TO VACATE ORDER GRANTING
                                        )  RELIEF FROM AUTOMATIC STAY
15           Debtor                     )
                                        )  Date: October 12, 2022
16                                      )  Time: 8:30 AM
                                        )  Location: 255 E. Temple Street
17                                      )           Los Angeles, CA 90012
                                        )  Crtrm: 1575
18                                      )

19  _____

20

21

22         Debtor submits the following Reply to Creditor Wells Fargo's Supplemental Response to

23  Debtor's Emergency Motion to Vacate Order Granting Relief From Stay, incorporates by reference the

24  previously filed Emergency Motion to Vacate, its exhibits and declarations and states the following:

25

26         1.    There was plenty of time after the lack of reply to the Motion for Relief for Creditors to

27  correct both their error in misleading Debtor into believing automatic payments would be deducted in

28

November 2021, and the undersigned's error, instead of proceeding with a foreclosure that violates the spirit and principal of all relevant laws, implied covenants, justice and good will.

2.    Every contract imposes on each party a duty of good faith and fair dealing in contract performance and enforcement such that neither party may do anything to deprive the other party of the benefits of the contract. (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342, 371 [6 Cal.Rptr.2d 467, 826 P.2d 710]; Kendall v. Ernest Pestana, Inc. (1985) 40 Cal.3d 488, 500 [220 Cal.Rptr. 818, 709 P.2d 837]; Storek & Storek, Inc. v. Citicorp Real Estate, Inc. (2002) 100 Cal.App.4th 44, 55 [122 Cal.Rptr.2d 267].) "`This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose.'" (Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49 - Cal: Court of Appeal, 4th Appellate *citing,* 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 798, p. 892.)

3.    "The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc., supra, 2 Cal.4th at p. 372.)

4.    Debtor did not fail to cure the default.  Creditor failed to **allow** Debtor to cure the default – telling him that because of the bankruptcy ACH was the most direct and efficient way to pay and offering him no other options.  Debtor called three times to make full payment on June 15th **prior** to the Motion for Relief hearing and was told the full payment would be deducted. Debtor called again on June 23rd the day of the hearing and several more times from his work phone from which he is unable to retrieve the call logs. Debtor called repeatedly as shown in his numerous call logs attached to Debtor's Emergency Motion to Vacate Order. (Dkt 63, Ex 1, Ex 3, Ex 4).

5.    Even responding Counsel offered no options when she was fully informed of the problem and was asked for assistance prior to the foreclosure.

6.    Creditor suggests that at all times the solution was for Debtor to call.  Debtor called when he received the Motion.  Debtor called when his attorney told him to call.  Debtor called when Creditor's attorney suggested he call.  Debtor called when he learned about a possible sale.  Debtor called when his attorney told him that Creditor's sent a payment history and told him to call again.  The only option Debtor was given was to call to make payment, prepared to make full payment and he did.  The failure

to make the withdrawal was not his, nor did he have to power to do so.  The sole ability to extract the payment lay with Creditor.

7.    Debtor did not need loss mitigation options – he only needed Creditor to withdraw the proper payment at the proper time as it promised.

8.    Debtor did contact Creditor directly – repeatedly.  At least five of the known 9 or so calls Debtor made are documented as referenced above.

9.    Creditor repeatedly states that Debtor should have done what Debtor did, in fact do.  Even now, no other options are presented.  Debtor was told to call with his routing number and bank account number

10.    Not only did responding counsel provide the post-petition payment history, she also advised counsel that her client informed her that Debtor only needed to pay the outstanding amount to avoid foreclosure at which point Debtor immediately called, yet again to make the payment.

11.    On July 1st, after Debtor tried to pay several times, the undersigned emailed responding counsel directly asking for help stating in part  "My client does not know what to do as he has tried to pay via every option he has been given. Please advise."

12.    Creditor contends that Debtor made no calls, nor attempted to pay – but does not explain how or why it withdrew nine thousand ($9000.00) from Debtors account on June 27th.  At no time did Debtor even owe $9000; when he initially called he owed less than that.  When he called in July, he owed more than $10,000.  At no time did Debtor authorize a $9000 withdrawal and if Creditor has any evidence of such authorization is should be submitted to the Court.

13.    It defies logic that Debtor called Creditor numerous times while he had all required funds sitting in his account for any other reason than to make full and complete payment.  Unless Creditor is contending that it saved Debtors banking account information from six months prior (the last time they contend he called) and made an completely illegal and unauthorized random withdrawal from Debtor's account on June 27th for $9000 – then it is more likely that their system and or process is inefficient and inept causing payments to not be withdrawn and for calls to not be properly recorded. Their lack of call logs is the best evidence of the reliability of their word, their system, and their process.   Either that, or someone deliberately stole Debtor's money and allowed the foreclosure to proceed.  Creditor offers no other explanation for the June 27th withdrawal.

14.    There is no clear explanation of how a partial payment was deducted on a day Debtor did not call, for an amount that Debtor never authorized yet Creditor contends Debtor did not call to make

payments.  There is no explanation as to why full payment was not taken that day, but it does serve as evidence that Debtor did call with the intent to make full payment.

15.  On September 15, 2022 Debtor caused a *Notice of Pendency of Action Pursuant to CCP § 405.20* (Lis Pendens) regarding this matter to be served on Western Progressive Trustee, Creditor PHH and Creditor Wells Fargo via responding counsel Attorney Wan. (Ex 1)

16.  On information and belief Counsel states no deed had been recorded and the sale could have been easily rescinded.

17.  The Lis Pendens was properly recorded on October 4, 2000 in Norwalk, CA. If any deed or recording was done after Debtor's properly recorded Lis Pendens that party was fully informed of this matter.  (Ex 2)

18.  On October 10, 2022 Counsel informed a party purporting to be an attorney for the purported buyer and she was directly informed telephonically by the undersigned of this matter and hearing.

19.  With this matter of a third party having been just raised on either October 6th or 7th, Debtor would need more time to investigate Creditors suppositions more thoroughly.

### RELIEF REQUESTED

   WHEREFORE, Debtor respectfully moves the Court to grant his Emergency Motion to Vacate the Order Granting Relief from Stay, and any further relief this Court deems just and equitable.

Respectfully submitted October 10, 2022


                                    WILKSLAW


                                    Misty Wilks
                                    Attorney for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 3818 Crenshaw Blvd., #445 Los Angeles, CA 90008

A true and correct copy of the foregoing document entitled:  Reply to Supplemental Response to Debtor's Emergency Motion to Vacate and will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):</u>
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/10/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR) EFiling@LATrustee.com

Arvind Nath Rawal on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP arawal@aisinfo.com

Fanny Zhang Wan on behalf of Creditor Wells Fargo Bank, National Association,
fwan@raslg.com

Misty Wilks on behalf of Debtor ANDRE R. MOORE JR [misty@wilkslawoffice.com](misty@wilkslawoffice.com)

United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov


2.  <u>SERVED BY UNITED STATES MAIL:</u>
On, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.


3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on, I caused – the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10-10-2022 | Misty Wilks | /s/ Misty Wilks |
|---|---|---|
| Date | Printed Name | Signature |